# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERARDO J. VIZCARRA, | Civil No. 05cv1537 J (BLM) |
| Petitioner, | **ORDER:** |
| v. | **1) ADOPTING MAGISTRATE JUDGE MAJOR'S REPORT AND RECOMMENDATION; AND** |
| ROSEANNE CAMPBELL, Warden, | |
| Respondent. | **2) DENYING PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2254** |

Before the Court is Magistrate Judge Barbara L. Major's Report and Recommendation ("R&R") recommending that the Court deny Petitioner Gerardo J. Vizcarra's Petition for Writ of Habeas Corpus. [Doc. No. 8.] On August 1, 2005, Petitioner filed his Petition pursuant to 28 U.S.C. § 2254. [Doc. No. 1.] On September 23, 2005, Respondent Roseanne Campbell, Warden of the Mule Creek State Prison, where Petitioner is subject to confinement, filed an Answer to the Petition [Doc. No. 5]; on October 24, 2005, Petitioner filed a Traverse [Doc. No. 7]. The Magistrate Judge issued the R&R on April 10, 2006, and required that objections be submitted to the Court no later than April 28, 2006. (*See* R&R at 8.)  To date, no objections have been filed. For the reasons discussed below, the Court **ADOPTS** the R&R **in its entirety** and **DENIES** the Petition.

*Background*

On September 19, 2001, the San Diego County District Attorney filed a two-count information charging Petitioner with murder in violation of section 187(a) of the California Penal Code, and arson in violation of section 451(b) of the California Penal Code. (*See id.* at 5.) On February 25, 2003, the trial court imposed a total sentence of sixty years to life, comprised of consecutive sentences of twenty-five years to life for second-degree murder and arson, and an additional five consecutive years for each of two prior felony convictions that constituted strikes within the meaning of the 'three strikes' law. (*See id.* at 6.)

Petitioner subsequently appealed to the California Court of Appeal, which affirmed his conviction, and petitioned the California Supreme Court, which summarily denied his petition on January 19, 2005. (*See id.* at 6-7.)  On August 1, 2005, Petitioner filed the instant Petition for Writ of Habeas Corpus with this Court, claiming that the trial court had impermissibly excluded evidence, admitted hearsay statements, and imposed consecutive sentences upon him. [Doc. No. 1.] On April 10, 2006, the Magistrate Judge issued an R&R finding that "Petitioner has failed to present any evidence suggesting that the California Court of Appeal's decision as to his claims was contrary to, or an unreasonable application of, clearly established federal law," and recommending, therefore, that the Petition be denied. (R&R at 40-41.)

*Legal Standard*

The duties of the district court in connection with a magistrate judge's R&R are set forth in Rule 72(b) of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1). *See* Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1) (2005).  The district court must "make a de novo determination of those portions of the report ... to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1) (2005); *see United States v. Raddatz*, 447 U.S. 667, 676 (1980).

Before a federal court may grant a petitioner habeas relief, the petitioner is required to exhaust all available state court remedies with respect to all claims contained in the petition. *See* 28 U.S.C. § 2254(b) (1996); *Kelly v. Small*, 315 F.3d 1063, 1066 (9th Cir. 2003).  Furthermore,

exhaustion requires that the petitioner give the highest state court a "fair opportunity" to address each claim before presenting the claims in a federal habeas petition. *Kelly*, 315 F.3d at 1066-69; *see also Gatlin v. Madding*, 189 F.3d 882, 888 (9th Cir. 1999) (finding that to properly exhaust a habeas claim, "a petitioner must present his claim to the state supreme court"). Moreover, the petitioner "must describe in the state proceedings both the operative facts and the federal legal theory on which his claim is based 'so that the [court has] a "fair opportunity" to apply controlling legal principles to the facts bearing upon his constitutional claim.' " *Kelly*, 315 F.3d at 1066 (quoting *Anderson v. Harless*, 459 U.S. 4, 6 (1982)).

Once the state's highest court considers the habeas petition, that court's denial of the petition without opinion or citation is sufficient to satisfy the exhaustion requirement. *See Harris v. Superior Court*, 500 F. 2d 1124, 1128-29 (9th Cir. 1974); *see also Hunter v. Aispuro*, 982 F.2d 344, 348 (9th Cir. 1992) (finding that the "California Supreme Court's summary order denying [the] petition was a denial on the merits"). Upon satisfaction of the exhaustion requirement, a federal court may consider the merits of a petitioner's habeas claims. *See* 28 U.S.C. § 2254(b) (1996). However, where a federal habeas petition contains both exhausted and unexhausted claims, the court must dismiss the petition without prejudice. *See id.*; *see Rose v. Lundy*, 455 U.S. 509, 510 (1982).

## *Discussion*

There being no objections to the findings contained in the R&R, the Court assumes the correctness of the facts as set forth therein. Upon conducting a de novo review of the Magistrate Judge's conclusions of law, the Court **FINDS** that the R&R rightly concludes that Petitioner is not entitled to habeas relief on any of the three grounds he presents in the Petition.

### I.      Exclusion of Evidence

The R&R correctly concludes that the California Court of Appeal's decision upholding the exclusion of evidence was neither contrary to, nor an unreasonable application of, clearly established federal law. Petitioner argues that the trial court impermissibly excluded evidence

supporting his duress defense.  Petitioner claims that he sought to introduce two categories of evidence to establish that he acted under duress: 1) evidence relating to a man who, according to Petitioner, was involved in the plan to dispose of the murder victim's body; and 2) recordings of telephone calls intercepted by the U.S. Drug Enforcement Administration during an investigation of the Mexican Mafia.  He claims that this evidence was relevant to the perpetration of the murder, was demonstrative of the Mexican Mafia's history of and propensity for violence, and corroborative of his fear of those involved in the murder.  He argues that by excluding this evidence, the trial court deprived him of an outcome-determinative defense and his right to present that defense under the Sixth Amendment to the U.S. Constitution.

Under *Miller v. Stagner*, 757 F.2d 988, 994 (9th Cir. 1985), five factors may be used to evaluate whether a state court's exclusion of evidence reaches constitutional proportions:

1) the probative value of the excluded evidence on the central issue; 2) its reliability; 3) whether it is capable of evaluation by the trier of fact; 4) whether it is the sole evidence on the issue or merely cumulative; and 5) whether it constitutes a major part of the attempted defense.

The import of the evidence is then weighed against the state's interest in excluding it, the circumstances for which must be "unusually compelling." *Tinsley v. Borg*, 895 F.2d 520, 530 (9th Cir. 1990); *Perry v. Rushen*, 713 F.2d 1447 (9th Cir. 1983).

The Court concurs with the Magistrate Judge's finding that of these factors only the fifth weighs slightly in Petitioner's favor and that, on balance, the factors weigh against admission of evidence. (*See* R&R at 10-19.)  This is due to the fact that the excluded evidence Petitioner cites contains little probative value as to Petitioner's participation in the murder and arson, and the majority of the remaining factors actually undermine Petitioner's argument. (*See id.* at 16-18.) Further, the Court agrees with the Magistrate Judge that "Petitioner's right to present this evidence in defense of the charges against him was properly outweighed by the State's interest in the administration of a reliable and efficient trial." (*Id.* at 18.)  Accordingly, the Court **DENIES** Petitioner habeas relief as to his first ground for relief.

## II. Right to Confrontation and Federal Due Process

The R&R also correctly concludes that neither Petitioner's Sixth Amendment Right to Confrontation, nor Petitioner's federal right to due process, was violated. (*See id.* at 19-30.) Petitioner contends that the trial court, having erroneously determined a twelve-year-old declarant's statements to be admissible as prior inconsistent statements, improperly allowed the prosecution to recall a witness to relay the statements to the jury, in violation of his Sixth Amendment right to confrontation. (*See id.* at 19-20.) He alleges that he was not afforded the opportunity to confront the declarant and that the hearsay statements introduced were those of the recalled witness. (*See id.* at 20.)

While it is established under the Sixth and Fourteenth Amendments to the U.S. Constitution that the accused has a right "to be confronted with the witnesses against him," the Magistrate Judge rightly observes that "the Confrontation Clause confers no guarantee that every witness called will provide testimony unmarred by forgetfulness, confusion, or evasion." (*Id*. at 23-24 (citing *Delaware v. Fensterer*, 474 U.S. 15, 21-22 (1985)). Noting that the Court of Appeal declined to reach the Confrontation Clause issue, the Magistrate Judge conducts a meticulous de novo review of the record, arriving upon a sound finding that Petitioner did in fact have a fair opportunity to confront the declarant and that the hearsay evidence Petitioner contests did not derive solely from an impermissible source. (*See id.* at 25-31.) The Magistrate Judge thereby aptly concludes that Petitioner suffered no violation of either his Sixth Amendment right to confrontation or his federal right to due process. (*See id.* at 30-31.) Accordingly, the Court **DENIES** Petitioner's second ground for habeas relief.

## III. Right to Jury Trial

Lastly, the Court concurs with the R&R's conclusion that the Court of Appeal's determination that Petitioner was not sentenced in violation of his Sixth Amendment right to jury trial or in contravention of the ruling of the U.S. Supreme Court in *Blakely v. Washington*, 542 U.S. 296 (2004), was neither contrary to, nor an unreasonable application of, clearly established federal law. (*See* R&R at 31-40.) In the final ground for relief he presents, Petitioner claims that

his Sixth Amendment right to jury trial, as outlined in *Blakely*, was violated by the trial court's imposition of consecutive twenty-five-years-to-life sentences for murder and arson. (*See id.* at 31.)  He contends that the trial court's determination that the murder and arson offenses occurred on separate occasions was incorrect, should have been rendered instead by a jury, and thereby led to an impermissible imposition of consecutive sentences. (*See id.*)

In the R&R, the Magistrate Judge correctly observes that "[e]ven assuming that the determination whether the murder and arson occurred on the same occasion or arose from the same set of operative facts was a factual question that should have been submitted to a jury as a matter of clearly established federal law ... Petitioner still would not be entitled to habeas relief." (*Id.* at 39.)  This is due to the fact that, in the face of strong evidence to support Petitioner's sentences, Petitioner has provided no evidence to the contrary.  Thus, in accordance with the R&R, the Court **FINDS** that if there was any error in the trial court's determination, it bears no substantial or injurious effect or influence on Petitioner's sentence. (*See* R&R at 40.) Petitioner's third ground for habeas relief is therefore **DENIED**.

## *Conclusion*

For the foregoing reasons, the Court **ADOPTS** the R&R in **its entirety** and **DENIES** the instant Petition.

**IT IS SO ORDERED.**

DATED: September 27, 2006

_____
HON. NAPOLEON A. JONES, JR.
United States District Judge

cc: Magistrate Judge Major
    All Counsel of Record